IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GLENDA DILLON                                                                                        PLAINTIFF

VS.                                                              CIVIL ACTION NO. 2:04-CV-94-KS-JMR

STATE OF MISSISSIPPI
DEPARTMENT OF HUMAN SERVICES                                                         DEFENDANT

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the court on the Motion for Summary Judgment of the State of Mississippi Department of Human Services ("MDHS"). By its motion, the defendant seeks judgment as a matter of law and dismissal of this Title VII action in which the plaintiff, an African-American woman, claims to have been denied a promotion because of her race. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion should be DENIED. The court finds more specifically as follows:

In September of 1999, the plaintiff, then an Eligibility Worker II with MDHS, applied for promotion to Program Specialist. The plaintiff was one of a number of applicants whose names had been placed on a certificate of eligibles (COE) as possessing at least the minimum qualifications required for the job. Although the plaintiff was interviewed, a white female, whose name was also on the COE ,was selected for the position. The plaintiff thereafter instituted this action claiming that MDHS's decision not to promote her was motivated by race. Following discovery, MDHS filed the instant motion claiming that the plaintiff's inability to establish a *prima facie* case of discrimination entitles it to judgment as a matter of law. The plaintiff has not responded to the motion.

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, MDHS demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004). The existence of an issue of material fact is a question of law that this court must decide. *John v. State of Louisiana,* 757 F.2d 698, 712 (5th Cir. 1985). In this case, the answer to that question resides in the *McDonnell Douglas* [1] burden-shifting analysis. *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 316 (5th Cir. 2004). To withstand summary judgment, the plaintiff employee must first prove a *prima facie* case of discrimination. *Id.* at 317. That done, a rebuttable presumption is created that the employer unlawfully discriminated against the employee. *Id.* To rebut this presumption, the employer must articulate a "legitimate, nondiscriminatory reason" for its decision. *Id.* If it does, the plaintiff can avoid summary judgment only by showing that the employer's stated reason was "mere pretext for racial discrimination." *Id.*

To present a *prima facie* case of discrimination in a failure to promote case, the employee must demonstrate that she is a member of a protected class, that she sought and was qualified for the position, that she was rejected for the position and that the employer continued to seek or promoted applicants with the plaintiff's qualifications. *Davis v. Dallas Area Rapid Transit,* 383 F.3d at 317. The plaintiff has succeeded in making out a *prima facie* case of race discrimination: She is African-American; she was qualified for the position; she was not promoted, and another qualified applicant was. The failure in this case is not the plaintiff's to state a *prima facie* case, it is the defendant's to state a legitimate nondiscriminatory reason for not promoting her.

It is certainly clear from MDHS's submissions in support of its motion that the person

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) (applying the three-step burden-shifting analysis in a race discrimination case based on circumstantial evidence).

selected as the program specialist was qualified for the job, but so were the plaintiff and all the other applicants whose names appeared on the certificate of eligibles. Nothing in the summary judgment record states any reason at all for MDHS's decision not to promote the plaintiff–let alone a nondiscriminatory one stated *"with sufficient clarity* to afford the [plaintiff] a realistic opportunity to show that the reason is pretextual." [2] *Patrick v. Ridge,* 394 F.3d 311, 317 (5th Cir. 2004). As MDHS has failed to rebut the presumption of discrimination, a material issue of fact remains as to whether MDHS intentionally discriminated against the plaintiff. Accordingly, the defendant is not entitled to judgment as a matter of law at this stage of the litigation. *See id.* at 316. This conclusion is not altered by the plaintiff's failure to respond to the motion: If the party who moves for summary judgment fails to discharge its burden of showing the absence of a genuine issue concerning any material fact, "summary judgment must be denied–even if the nonmoving party has not responded to the motion." *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant MDHS's **MOTION FOR SUMMARY JUDGMENT** [# 24] is **DENIED.**

SO ORDERED AND ADJUDGED this the 18th day of January, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] This court must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The supervisor of the plaintiff's supervisor stated that her understanding of the outcome of the qualification and selection process was that the person selected "was the best person for the position." Exhibit 5 to MDHS's motion. Even if this statement is offered as a reason for MDHS's decision, it runs afoul of the *McDonnell Douglas* requirement of clarity. MDHS cannot sustain its burden of production by such a "content-less and nonspecific statment" that is neither clarified nor expanded upon elsewhere in the record. *See Patrick v. Ridge,* 394 F.3d 311, 316, 317 (5th Cir. 2004).